UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICIA ANN LAWRENCE,**

        Plaintiff,

v.                                              Case No:  6:12-cv-445-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

**MEMORANDUM OF DECISION**

Patricia Ann Lawrence, on behalf of the minor, M.A.D., Jr. (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") finding that Claimant's disability ended as of June 1, 2010. R. 29.[1] Claimant argues that the following errors occurred below: 1) the Appeals Council failed to apply the correct legal standard; 2) the  Administrative Law Judge ("ALJ") failed to fully and fairly develop the record; and, 3) the ALJ's finding that Claimant's impairments are not functionally equivalent to the listings is not supported by substantial evidence. Doc. No. 17 at 10-23. For the reasons set forth below, the Commissioner's final decision is **REVERESED** and **REMANDED** for further proceedings.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do

---

[1] Claimant was born prematurely on November 22, 2006. *See* R. 67. As a result of premature birth, Claimant was found to be disabled as of January 1, 2007. R. 67. On June 25, 2010, the Commissioner determined that Claimant was no longer disabled as of June 1, 2010. R. 65, 70-2. Claimant now maintains that he is disabled due to attention deficit hyperactivity disorder ("ADHD"). *See* Doc. No. 17; *see also* R. 73.

1

more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.   ANALYSIS.

### A. The Appeals Council.

Claimant argues that the Appeals Council failed to demonstrate that it adequately evaluated new evidence in the form of a teacher's questionnaire (the "Questionnaire") from Claimant's teacher and that the case should be remanded to the Commissioner for further proceedings because there is a reasonable possibility that the Questionnaire would change the

administrative outcome. Doc. No. 17 at 12-17.[2] Conversely, the Commissioner argues that the Appeals Council was not required to articulate why it denied review. Doc. No. 20 at 18. Further, the Commissioner argues that there is no reasonable probability that the Questionnaire would change the administrative outcome. Doc. No. 20 at 18.

In *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), the Appeals Council simply stated that it had considered the new evidence submitted by the claimant, but it found the ALJ's decision to be correct. *Id*. at 1272-73.[3] The Fifth Circuit held:

> We recognize that the claimant bears a heavy burden in proving disability. Nevertheless, we cannot find that the record in this case contains substantial evidence supporting the Secretary's denial of Epps' disability eligibility. The ALJ predicated his finding that Epps' back problem did not result in disabling pain or other incapacitating restrictions in significant part on his understanding that Epps had not required radical treatment. Yet the Appeals Council adopted the hearing examiner's decision without addressing post-hearing evidence of disability submitted by Dr. Kerr that expressly stated that conservative treatment had failed and that Epps had recently been referred for consideration of the radical intervention believed by the ALJ to be an important indicator of disability. Moreover, Dr. Kerr informed the Appeals Council that Epps continued to suffer pain and limited range of motion, that the contemplated surgery would not increase his productivity, and that there was no possibility that Epps would ever be fit to work in any type of job. Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record.

---

[2] In addition to submitting the Questionnaire to the Appeals Council, Claimant also submitted a treatment note dated November 17, 2011, from Lakeside Behavioral Healthcare, Inc. to the Appeals Council. R. 2, 4, 358. Claimant, however, is not arguing that the Appeals Council failed to adequately evaluate the treatment note. *See* Doc. No. 17 at 12-17.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id*. at 1273.  Thus, the Fifth Circuit reversed because the new evidence contradicted the ALJ's findings and the Appeals Council perfunctorily adhered to the ALJ's decision without adequately evaluating the new evidence.  *Id*.  Accordingly, the Court could not find that substantial evidence supported the Commissioner's decision.  *Id*.

In *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984), the Eleventh Circuit relied upon *Epps* to state that its review of the additional evidence suggested that "Appeals Council did not adequately evaluate the addition evidence."  *Id* at 634.  The Eleventh Circuit found that the Appeals Council perfunctorily adhered to the ALJ's decision and "[w]e have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these."  *Id*.

In 1995, due to the volume of disability applications, the Commissioner promulgated a memorandum "temporarily suspending the requirements for a detailed discussion of additional evidence [by the Appeals Council] and for specific responses to contentions in denial notices." HALLEX § 1-3-5-90, 2001 WL 34096367.  *See also Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005) (noting that the Commissioner has suspended the detailed discussion requirement).  This memorandum temporarily amended the Commissioner's Hearings, Appeals and Litigation Law Manual (the "Manual").  *See* HALLEX § 1-3-5-90, 2001 WL 34096367. Although the change was pronounced as temporary, to date it is still in effect.  *Id*.  The memorandum states that "this change does not in any way lessen the analyst's responsibility to consider the evidence and contentions and to make an appropriate recommendation to the Administrative Appeals Judge.  It does mean that any required analysis can be included in the less formal setting of the recommendation, saving the time it would take to compose, edit and perhaps revise more formal language in the notice itself."  HALLEX § 1-3-5-90, 2001 WL

34096367.

In *Ingram v. Commissioner of Social Security*, 496 F.3d 1253 (11th Cir. 2007), the claimant submitted new evidence to the Appeals Council. *Id*. at 1259. The Appeals Council stated that it considered the new evidence, but denied the claimant's request for review stating that it did not provide a basis to change the ALJ's decision. *Id*. On appeal, the claimant argued that the case should be remanded because the evidence submitted to the Appeals Council was new and material because it would likely change the administrative outcome. *Id*. at 1260. The Commissioner argued that the court "cannot review under sentence four the decision of the Appeals Council not to grant review on the basis of new evidence because that decision is not any final decision of the Commissioner of Social Security." *Id*. at 1262 (internal quotations and citations omitted). The Eleventh Circuit expressly rejected the Commissioner's argument and held that "[t]he settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council." *Id*. The Eleventh Circuit, quoting *Bowen*, once again noted when the Appeals Council does not adequately evaluate the additional evidence it has been unable to hold that the final decision is supported by substantial evidence. *Id*. at 1263.

In *Flowers v. Commissioner of Social Security*, 441 F. App'x 735 (11th Cir. 2011) (unpublished), the claimant submitted new medical evidence to the Appeals Council, some of which pre-dated and some of which post-dated the ALJ's decision. *Id* at 740-41.[4] The Appeals Council stated that it had considered the information, but it did not provide a basis for changing the ALJ's decision. *Id*. at 741. On appeal, the Eleventh Circuit stated:

> Generally, a claimant is allowed to present new evidence at each stage of this administrative process. *See* 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d

---

[4] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

> 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of the administrative law judge hearing decision" and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id*. The new evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

*Id*. at 745.  Thus, the Eleventh Circuit stated that although the Appeals Councils has the discretion not to review to the ALJ's decision, it must consider new and material evidence if it relates to the period on or before the date of the ALJ's decision. *Id*. (citing 20 C.F.R. § 416.1470(b)).

The Eleventh Circuit concluded:

> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). If the Appeals Council merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand "for a determination of [the claimant's] disability eligibility reached on the total record." *Id*.

> We conclude that the Appeals Council did not adequately consider Flowers's new evidence. Indeed, apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it. Furthermore, there is a reasonable possibility that Flowers's new evidence would change the ALJ's decision.

*Id*. at 745. Thus, because the Appeals Council failed to demonstrate that it adequately evaluated the new and material evidence, the Eleventh Circuit remanded the case to the Commissioner for further proceedings. *Id*. The Court finds *Flowers* persuasive and consistent with the binding precedent of *Epps*, *Bowen*, and *Ingram*. *See also Colon v. Commissioner of Social Security*, 411

F. App'x 236, 238-39 (11th Cir. 2011) ("The [Appeals Council] must show in its written denial of review that it has evaluated adequately the new evidence.") (citing *Epps*, 624 F.2d at 1273).[5]

There is no dispute that the Questionnaire relates to the period on or before the date of the ALJ's decision.[6] Accordingly, the Court turns its attention to whether the Questionnaire is material.

Upon review, the Court finds that the Questionnaire is material. At step two, the ALJ found that Claimant suffers from one severe impairment, ADHD. R. 20. At step three, the ALJ found that Claimant's impairments, individually or in combination, do not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 20-1.[7] The ALJ then proceeded to consider whether Claimant's impairments, individually or in combination, functionally equal any of the Listings. R. 21-9.

In determining whether an impairment or combination of impairments functionally equals one of the Listings, the ALJ must assess the claimant's functioning in terms of six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating

---

[5] The Commissioner argues that *Flowers* is factually inapposite to this case, and, therefore, suggests that *Flowers* is of little significance to this case. Doc. No. 20 at 19 n.5. While *Flowers* is factually distinguishable from this case, the significance of *Flowers* to this case lies in its interpretation and application of the law. As such, the factual differences between this case and *Flowers* does not diminish the importance of *Flowers* to the disposition of this case.

[6] The ALJ entered its decision on October 17, 2011. R. 30. The Questionnaire, dated January 5, 2012, was submitted to the Appeals Council on January 11, 2012. R. 232-3. Although the Questionnaire is silent as to how long the teacher has known Claimant (*See* R. 225), the Appeals Council, nevertheless stated that it "considered . . . the additional evidence," which included the Questionnaire. R. 2, 4. 20 C.F.R. § 404.970(b) provides that the Appeals Council shall consider new evidence only where it relates to the period on or before the date of the ALJ's hearing. *Id*. Therefore, since the Appeals Council specifically "considered" the Questionnaire, the Court is persuaded that it found the Questionnaire relates to the period on or before the date of the ALJ's decision. *See Flowers*, 441 F. App'x at n.7 (finding that since the Appeals Council "considered" the additional evidence a reviewing could infer the Appeals Council had found the additional evidence related to the time period before the ALJ's decision).

[7] In addition to being diagnosed with ADHD, the record reveals that Claimant has been diagnosed with adjustment disorder with disturbance of conduct and mixed emotional features, receptive language disorder, impulse control disorder, and oppositional defiant order. R. 280, 291. Claimant was also assessed with a global assessment of functioning of 30. R. 291.

with others; 4) moving about and manipulating objects; 5) caring for oneself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A child's impairments functionally equal a listed impairment, and thus constitute a disability, if the child's limitations are "marked" in two of the six domains, or if the child's limitations are "extreme" in one of the six domains. 20 C.F.R. § 416.926a(d).

The evidence in the record at the time the ALJ entered his decision can be generally summarized as follows: 1) the transcript of the hearing (R. 47-64); 2) medical records relating to Claimant's premature birth (R. 235-263); 3) Dr. Alex Perdomo's physical consultative examination report dated June 14, 2010 (R. 264-66); 4) Dr. Ira Pinnelas' non-examining consultative report dated June 23, 2010 indicating that Claimant achieved medical improvement since his premature birth (R. 267-72); 5) Maria Van Sant, M.A.'s speech and language consultative examination report dated November 10, 2010 (R. 273-76); 5) David J. Fleischmann, Ph.D.'s psychological consultative examination report dated November 12, 2010 (R. 277-80); 6) Leslie Devitt, Ph.D., and Dr. William Prather's non-examining consultative report dated November 29, 2010 and December 8, 2010, respectively (R. 281-88); 7) treatment records from Lakeside Behavioral Healthcare dated January 12, 2011, April 25, 2011, and June 20, 2011 (R. 289-303); and 8) medical records from Claimant's pediatrician dated between January 23, 2007 and July 9, 2011 (R. 304-44).

Based on the foregoing evidence, The ALJ concluded that Claimant's impairments result in marked limitations with respect to interacting and relating to others. R. 25-6. In making that finding the ALJ relied on medical records reflecting Claimant's mother's reports about Claimant's conduct. R. 26. The ALJ concluded that Claimant's impairments result in less than

marked limitations with respect to acquiring and using information,[8] attending and completing tasks,[9] and caring for himself.[10] R. 23-5, 27-8. Finally, the ALJ concluded that Claimant's impairments result in no limitation with respect to moving about and manipulating objects, and health and physical well-being. R. 26-9. Having found only one marked limitation, the ALJ concluded that Claimant's impairments do not functionally equal any of the Listings. R. 29.

Subsequently, Claimant submitted the Questionnaire to the Appeals Council. R. 225-32. The Questionnaire prompts the teacher to address all of the domains except Claimant's health and physical well-being. R. 226-30. In doing so, the Questionnaire sets forth various activities under each domain, and asks the teacher to opine as to whether Claimant has no problem with the activity, a slight problem, an obvious problem, a serious problem, or a very serious problem. R. 226-30.[11]

---

[8] With respect to acquiring and using information, the ALJ found as follows: "The claimant's mother reported that the claimant's ability to communicate [is] limited and that he appears to fail to understand what she asks of him at times. Testing during the consultative speech and language evaluation revealed that [the Claimant] had moderately-decreased receptive and expressive language skills. However, during the psychological consultative examination, the claimant's speech was deemed limited and reserved, but it was accurate enough for him to express his ideas. (Exhibits 6F and 7F). The [ALJ] finds that this evidence is consistent with a finding of less than marked limitation in acquiring and using information." R. 24.

[9] With respect to attending and completing tasks, the ALJ found as follows: "During the mental status exam, the consultative examiner noted that the claimant was generally attentive, although, he became increasingly distractible and needed to get redirected with verbal requests. (Exhibit 7F). Also, the consultative speech therapist observed that the claimant got easily distracted with structure[d] task[s], and had decreased ability to focus in one activity. However, she also noted that the claimant's mother failed to attend to him when he began running around the office. (Exhibit 6F) …. At the hearing, the claimant's mother testified that the claimant . . . responded positively to medication, getting him calmed down, and he was able to sit down still. This supports a finding of less than marked limitation in attending and completing tasks." R. 25.

[10] With respect to caring for himself, the ALJ found as follows: "The claimant's mother described during the psychological consultative evaluation that the claimant initiates using the bathroom on his own, but needs some assistance with cleaning. He needs some assistance with bathing and brushing his teeth, but he can get dress[ed] and put on his shoes independently. (Exhibit 7F). At the hearing, she testified that the claimant can do some of the household chores, like throwing something in the garbage or picking up a paper from the floor, but he does not want to do it because of laziness. The [ALJ] finds that the claimant has less than marked limitation in the ability to self-care." R. 28.

[11] The teacher opined that Claimant has no problem moving about and manipulating objects. R. 229.

With respect to acquiring and using information, the teacher opined that Claimant has very serious problems in reading and comprehending material, comprehending and doing math problems, expressing ideas in written form, learning new material, recalling and applying previously learned material, and applying problem-solving skills in class discussions. R. 226. The teacher opined that Claimant has obvious problems comprehending oral instructions, understanding and participating in class discussions, and providing organized oral explanations and adequate descriptions. R. 226. Finally, the teacher opined that Claimant has slight problems understanding school and content vocabulary. R. 226.

With respect to attending and completing tasks, the teacher opined that Claimant has very serious problems in organizing his own things or school materials, completing class/homework assignments, and completing work accurately without careless mistakes. R. 227. The teacher opined that Claimant has obvious problems waiting to take turns and working at a reasonable pace. R. 227. The teacher opined that Claimant has slight problems with paying attention when spoken to directly, sustaining attention during play, focusing on finishing assigned activities, refocusing, carrying on multi-step instructions, and working without distracting himself or others. R. 227. Finally, the teacher opined that Claimant has no problems with carrying out single-step instructions and changing from one activity to another without being disruptive. R. 227.

With respect to interacting and relating to others, the teacher opined that Claimant has serious problems introducing and maintaining relevant and appropriate topics of conversation and taking turns in a conversation. R. 228. The teacher opined that Claimant has obvious problems seeking attention appropriately, expressing anger appropriately, and interpreting the meanings of facial expressions, body language, hints, and sarcasm. R. 228. The teacher opined

that Claimant has slight problems playing cooperatively with other children, asking permission appropriately, following rules, respecting adults in authority, relating experiences and telling stories, using language appropriate to the situation and listener, and using adequate vocabulary and grammar to express ideas. R. 228. Finally, the teacher opined that Claimant has no problem with making and keeping friends. R. 228.

With respect to caring for himself, the teacher opined that Claimant has very serious problems caring for his physical needs (e.g., dressing and eating) and identifying and appropriately asserting emotional needs. R. 230. The teacher opined that Claimant has serious problems taking care of personal hygiene and responding appropriately to changes in his mood. R. 230. The teacher opined that Claimant has obvious problems with using good judgment regarding personal safety and using appropriate coping skills to meet daily demands of the school environment. R. 230. The teacher opined that Claimant has slight problems with handling frustration appropriately and being patient when necessary. R. 230. Finally, the teacher opined that Claimant has no problems with taking needed medication and knowing when to ask for help. R. 230.[12]

Considering the ALJ's decision in conjunction with the Questionnaire, the Court finds that there is a reasonable probability that the Questionnaire would change the administrative outcome. As it stands, the ALJ's decision comes close to finding that Claimant's impairments functionally equal one of the Listings, because the ALJ determined that Claimant has a marked limitation with respect to interacting and relating to others, and less than marked limitations as to three other domains. Social Security Ruling 06-03p recognizes that "non-medical sources," such as teachers, who have contact with individuals in their professional capacity are valuable sources

---

[12] Notably, the teacher indicated that she did not know whether Claimant takes medicine. R. 231. The record reveals that Claimant has previously been prescribed Clonidine and Adderall. *E.g.*, R. 358-65, 67, 69.

11

of evidence for assessing impairment severity and functioning.  S.S.R. 06-03p, 2006 WL 2329939 at *3 (Aug. 9, 2006).  Moreover, these sources "have close contact with the individuals and have personal knowledge and expertise to make judgments about their impairments(s), activities, and level of functioning over a period of time." *Id.*; *see also* 20 C.F.R. § 416.926a(a) ("When we assess your functional limitations, we will consider all the relevant factors . . . including, but not limited to . . . [h]ow you function in school.").  Here, the materiality of the Questionnaire stems not only from its presumptive value, but also from the opinions expressed therein and the lack of similar evidence in the record.  At the time the ALJ entered his decision the record lacked evidence from a source who worked closely with Claimant and directly opined as to the domains of functioning.  *See* R. 235-344.[13]  For these reasons, the Court finds that there is a reasonable probability that the ALJ would reach a different conclusion as to one or more of the domains in which he found Claimant to have less than marked limitations.  *See Jeffries v. Astrue*, 723 F.Supp.2d 185, 193-96 (D.D.C. 2010) (remanding case to Commissioner where the Appeals Council did not adequately consider new and material evidence in the form of a teacher's questionnaire).

In its order denying review, the Appeals Council simply stated that it considered the "additional evidence" and "found that this information does not provide a basis for changing the [ALJ's] decision."  R. 2.  As in *Epps* and *Flowers*, the Appeals Council here merely perfunctorily adhered to the ALJ's decision.  Because the Appeals Council failed to demonstrate that it adequately evaluated the Questionnaire, the Court is unable to find that the final decision

---

[13] The only evidence in the record at the time the ALJ entered his decision that directly addressed the domains of functioning was contained in a non-examining consultant report dated November 29, 2010 and December 8, 2010 from Dr. Prather and Devitt, Ph.D.  R. 283-4.  Dr. Pinnelas' non-examining consultative report, which the ALJ gave "significant weight" (R. 23) does not address the domains of functioning.  R. 269-70.

of the Commissioner is supported by substantial evidence. *See Bowen*, 748 F.2d at 634. On this basis alone the case must be remanded to the Commissioner. *Epps*, 624 F.2d at 1273.

Further, the Commissioner argues that the Questionnaire "does not diminish the substantial evidence supporting the ALJ's decision." Doc. No. 20 at 18. However, the Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Because the Appeals Council did not articulate any evaluation of the Questionnaire, in order for the Court to determine whether the Questionnaire does or does not diminish the evidence supporting the ALJ's decision, the Court would necessarily have to engage in prohibited activities of deciding facts anew, reweighing the evidence, and substituting its own decision about the total record for that of the Commissioner. Accordingly, the Court finds that the case should be reversed and remanded to the Commissioner for evaluation of the total record. *See Flowers*, 441 F. App'x at 745, 747.[14]

## III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

---

[14] The Court finds this issue dispositive and does not address Claimant's remaining arguments.

Richard A. Culbertson
Suite E
3200 Corrine Dr.
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801